# Richmond

## Rosa E. Smith v. Benjamin F. Cockrill, et als.

### April 28, 1938.

### Present, All the Justices.

424

The opinion states the case.

*Armistead L. Boothe* and *Charles Henry Smith,* for the appellant.

*R. A. McIntyre, Henry M. Marshall* and *Edwin Bain,* for the appellees.

GREGORY, J., delivered the opinion of the court.

This suit involves the construction of the third clause of Benjamin F. McConchie's will. The testator died leaving one unmarried daughter, Sarah Jane McConchie, a married daughter, Mary E. Cockrill and an unmarried son, James R. McConchie, who were named as devisees in his will.

The third clause of the will provides as follows:

"Third, I give my house and lot in the Town of Warrenton, Virginia, on Winchester Street and any other real estate that I may own or hereafter own, to my beloved daughter Sarah Jane McConchie for life— At her death said real estate above described is to go to my two other children Mary E. Cockrill and James R. McConchie equally in fee simple. But should Mary E. Cockrill or James R. McConchie die before Sarah Jane McConchie, then his or her one half of above real estate is to go to their children to be equally divided amongst their children that may be living at the death of Sarah Jane McConchie. And if either Mary E. Cockrill or James R. McConchie should die before Sarah

Jane McConchie without issue, then their one half interest is to go to my surviving child in fee simple—"

Under this clause of the will Sarah Jane McConchie became entitled to an undisputed life estate in the real property of her father. The question before us is to whom shall it go after her death?

After the death of the testator, Mary E. Cockrill died leaving one son, Max Cockrill, who also died before Sarah Jane McConchie (the life tenant) and left surviving him the following children: Benjamin F. Cockrill, R. Max Cockrill, Lawrence Cockrill, Stanley Cockrill and Margaret Hurst, an infant. These children, with the exception of Margaret Hurst, an infant, were the complainants in the lower court and they, with Margaret Hurst, are the appellees here. They allege they are entitled to all the real estate of Benjamin F. McConchie, deceased, and ask for its partition. James R. McConchie died intestate before Sarah Jane McConchie, and left no surviving issue.

Sarah Jane McConchie assumed that under her father's will she became entitled to a one-half interest in fee to the real estate devised to her for life, and, therefore, undertook to devise said one-half interest to Rosa E. Smith, who is the petitioner in this cause and was one of the respondents in the lower court. Sarah Jane McConchie is now deceased and the case before us to decide is whether or not she was entitled to more than a life estate in the property.

Counsel for Rosa E. Smith vigorously urge that Sarah Jane McConchie became entitled to a fee simple interest in one-half of the real estate upon the death of her brother, James R. McConchie without issue, according to the last sentence in the third clause of the will which reads as follows: "And if either Mary E. Cockrill or James R. McConchie should die before Sarah Jane McConchie without issue, then their one-half interest is to go to my surviving child in fee simple."

On the other hand counsel for appellees say that the above quoted clause can not be separated and given construction without considering the whole will and the gen-

eral intent of the testator; and that from the will as a whole there was an express intention that Sarah Jane McConchie should be provided for only for her life and at her death the property was to go to Mary E. Cockrill and James R. McConchie, or their children.

The lower court held that Rosa E. Smith took no interest whatever in the real estate devised by the testator, Benjamin F. McConchie, and subsequently devised to her by Sarah Jane McConchie, and that the entire real estate so devised was the property of the complainants Benjamin F. Cockrill, R. Max Cockrill, Lawrence Cockrill, Stanley Cockrill and their infant sister Margaret Hurst, in equal shares.

It will be noted that in the third clause of the will the testator first provided for his unmarried daughter by giving her an estate for life in all of his real estate. His next step was to provide for the disposition of the remainder in fee by three limitations over, they are: (1) At Sarah Jane McConchie's death the real estate is "to go to my two other children Mary E. Cockrill and James R. McConchie" in fee; (2) if Mary E. Cockrill or James R. McConchie die before Sarah Jane McConchie, "then his or her one half * * * is to go to their children" living at the death of Sarah Jane McConchie; and (3) "if either Mary E. Cockrill or James R. McConchie should die before Sarah Jane McConchie without issue, then their one half interest is to go to my surviving child in fee * * * ."

It seems manifest from the third clause that it was the express intent of the testator that the remainder after the termination of the life estate in Sarah Jane McConchie should vest in his two other children, namely, Mary E. Cockrill, a married daughter, and James R. McConchie, an unmarried son. If either of these two were to predecease Sarah Jane McConchie, his or her one-half interest was to go to their children living at the death of the life tenant, and if either should die before Sarah Jane McConchie, without issue, "their one-half interest is to go to my surviving child in fee." Counsel for appellants lay stress on the last sentence in clause three and assert that since James R.

McConchie predeceased Sarah Jane McConchie without issue, his one-half interest should go to Sarah Jane McConchie in fee, she being the only surviving child,—Mary E. Cockrill having died prior to James R. McConchie. This construction of the will would be against the general intent of the testator expressed in the will as a whole. From a reading of the whole clause and a consideration of the will as a whole, it is clear that the testator intended to limit the remainder in fee to his two other children, Mary E. Cockrill and James R. McConchie.

The entire will contained but four clauses. In the first the testator provides for the payment of his debts and in the second he gives all of his household and kitchen furniture, including the library, pictures, tools and plate to Sarah Jane McConchie in fee. The third clause has been set out above and in the fourth he appoints Sarah Jane McConchie as his executrix. Looking at the will in its entirety we see that the testator provided generously for his unmarried, maiden daughter, Sarah Jane McConchie, by giving her his personal effects and a life estate in all of his realty. But in the third clause it is clearly evident that he intended his two other children, or their children in the event of their death before the life tenant, to have his real estate in fee. He wanted to keep it in the family, so to speak. It certainly was not his intention that it should pass to a stranger to his blood.

We have, therefore, arrived at the conclusion that after the death of Mary E. Cockrill, her interest passed to her son, Max Cockrill, and upon his death and the death of the life tenant, Sarah Jane McConchie, to his children, the appellees; and that upon the death of James R. McConchie his share likewise passed to the appellees, they taking the share which Mary E. Cockrill would have been entitled to. After the death of Sarah Jane McConchie the appellees, Benjamin F. Cockrill, R. Max Cockrill, Lawrence Cockrill, Stanley Cockrill and Margaret Hurst, an infant, became the owners in fee of the property devised by Benjamin F. McConchie. Rosa E. Smith takes no share of the realty under the will of Sarah Jane McConchie.

█ It is an elementary rule that in construing wills, the intent of the testator must govern, and this must be arrived at from a consideration of the will as a whole. In R. C. L., Wills, section 175, this principle is set forth: "The intention of a testator is to be collected from the whole will, and from a consideration of all of the provisions of the instrument, taken together, rather than from any particular form of words. The intention is not to be gathered from detached portions alone, and the court should not consider merely the particular clause of the will which is in dispute. The language employed in a single sentence is not to control against the evident purpose and intent as shown by the whole will. In other words a will is not to be construed *per parcella*, but by the entirety."

In Harrison on Wills and Administration, vol. 1, section 193 (1) this is said: "Nothing is better settled than that in the construction of the will, all parts of it must be examined and the intention of the testator ascertained, not from one clause only, but from the entire instrument. An isolated clause taken from its context may present an entirely different meaning than when read as a part of the entire instrument. Besides, wills may be of great obscurity and the entire instrument can alone show the true intent of the testator. It is, therefore, laid down in a number of cases that 'the rule which controls all others in the interpretation of wills is that the intention of the testator must be gathered from the entire will.' "

There are many Virginia cases which apply the principle set forth above and some of the later ones are as follows: *Waters* v. *Trefouret*, 117 Va. 186, 83 S. E. 1078; *Mears* v. *Taylor*, 142 Va. 824, 128 S. E. 264; *Farrar* v. *Pemberton*, 154 Va. 61, 152 S. E. 339; *Simmons* v. *Gunn*, 156 Va. 305, 157 S. E. 573; and *Whitehurst* v. *White*, 160 Va. 859, 169 S. E. 724.

For the reasons stated we are of opinion that the decree of the lower court should be affirmed.

*Affirmed.*